UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                          Chapter 13

Gail Marie Kaley,                                               Case No. 09-48788

    Debtor.                                              Hon. Phillip J. Shefferly

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION AND REHEARING OF MOTION FOR RELIEF FROM STAY AND POST-CONFIRMATION PLAN MODIFICATION

On March 24, 2009, the Debtor filed this Chapter 13 case. On March 27, 2009, Santander Consumer USA, f/k/a Drive Financial Services ("Santander") filed a proof of claim in the amount of $8,561.27 secured by the Debtor's 2003 Dodge Ram pickup truck. On August 26, 2009, the Court entered an order confirming the Debtor's Chapter 13 plan. Among other things, the plan provided for the Debtor to make weekly payments to the Chapter 13 Trustee in the amount of $65.30, and for the Trustee to make 37 monthly payments of $247.92 with respect to Santander's secured claim. After the plan was confirmed, the Debtor made her payments to the Trustee until September, 2010, when the Debtor lost her job.

On January 25, 2011, Santander filed a motion (docket entry no. 48) for relief from the automatic stay. The motion alleged that the Debtor was in arrears on her Chapter 13 plan payments in the amount of $1,515.70, and that Santander had not received its payments from the Trustee since September, 2010. Santander's motion did not allege the balance owing on Santander's secured claim, but did allege that the fair market value of the 2003 Dodge Ram at the time that the motion was filed was $11,862.00, well in excess of the balance owing on its secured claim. On February 4, 2011, the Debtor filed a response (docket entry no. 51) to the motion. The Debtor's response

admitted that the Debtor had fallen behind in her payments, but stated that the Debtor could catch up those payments.

On February 15, 2011, the Court held a hearing on Santander's motion for relief from stay. At the hearing, the Debtor's counsel explained, and the Trustee confirmed, that the Debtor had made all of her plan payments until she lost her job in September, 2010. The Debtor's counsel also explained that the Debtor had now obtained new employment and, based on that new employment, had filed a plan modification (docket entry no. 52) on February 6, 2011 to excuse the payments that the Debtor missed when she was unemployed, but to make up those payments going forward based on her new employment. Santander's counsel indicated that Santander had filed an objection to the proposed plan modification. The Court determined to adjourn the hearing on Santander's motion for relief from stay so that it could be heard at the same time as the Debtor's proposed plan modification. However, the Court imposed some conditions. In view of the fact that the Debtor had now obtained new employment, the Court required the Debtor to make at least one plan payment prior to the adjourned hearing, and also required the Debtor to provide Santander with proof of insurance for the vehicle. The Debtor met those conditions.

On March 15, 2011, the Court held the hearing both on Santander's motion for relief from stay and the Debtor's proposed plan modification. The Court approved the Debtor's plan modification, and denied Santander's motion for relief from stay. The Court explained its reasons in detail on the record regarding both of its rulings. On April 6, 2011, the Court entered an order (docket entry no. 69) denying Santander's motion for relief from stay and, on April 8, 2011, the Court entered an order (docket entry no. 70) granting the Debtor's plan modification. On April 14, 2011, Santander filed a motion for reconsideration (docket entry no. 76) of both of those orders, and

-2-

requested a rehearing of both its motion for relief from stay and the Debtor's plan modification.

Santander's motion for reconsideration argues that the Court committed palpable error by approving the Debtor's plan modification because "The Sixth Circuit Court of Appeals, in two cases, has made it very clear that a plan modification cannot change the treatment afforded a secured creditor in the original confirmed plan, without the consent of the secured creditor." In support of this argument, Santander cites Ruskin v. DaimlerChrysler Services North America, L.L.C. (In re Adkins), 425 F.3d 296 (6th Cir. 2005), and Chrysler Financial Corp. v. Nolan (In re Nolan), 232 F.3d 528 (6th Cir. 2000). However, those two cases do not stand for the proposition cited by Santander. Nolan dealt with a plan modification that proposed a reclassification of a secured claim under a confirmed plan to an unsecured claim after the surrender of a vehicle. Adkins likewise dealt with reclassification of a secured claim under a confirmed plan to an unsecured claim after the creditor repossessed the vehicle. In both instances, the Sixth Circuit Court of Appeals made clear that § 1329 of the Bankruptcy Code, which governs plan modifications, does not permit a debtor to modify a confirmed plan to reclassify a claim that was classified under the confirmed plan and which is therefore entitled to the binding effect of such confirmed plan under § 1327 of the Bankruptcy Code. In the most recent Sixth Circuit Court of Appeals case, Ford Motor Credit Co. v. Parmenter (In re Parmenter), 527 F.3d 606, 608-09 (6th Cir. 2008), the court applied the same reasoning to an attempt by a creditor to reclassify its class 3 lease claim to a class 1 administrative claim after a default by the debtor.

The Debtor in this case does not seek to reclassify Santander's claim in any way. Rather, all that the Debtor's plan modification proposed in this case was an extension of the time that Santander will be paid its secured claim in full. As Santander's motion for reconsideration notes,

the effect of the Debtor's plan modification in this case is to extend the time over which Santander will be paid from 37 months to 45 months. Section 1329(a)(2) of the Bankruptcy Code expressly permits a plan modification to "extend or reduce the time" for payments to be made under a confirmed plan. That is all that the Debtor's plan modification accomplished in this case. Further, the Debtor in this case provided the Court with a substantial change in her circumstances that warranted her request for a plan modification under § 1329(a): she lost her job that she held at the time of confirmation of her plan, and was out of work for some time before obtaining a new job which provided the income to allow her to complete her plan. Santander is simply wrong in its assertion that a plan modification that extends the time for a debtor to make her Chapter 13 plan payments can only be approved if a secured creditor consents to the plan modification.

Santander asserts that the Court also committed palpable error by denying its motion for relief from the automatic stay. At the hearing on March 15, 2011, counsel for Santander acknowledged that there was equity in the 2003 Dodge Ram pickup truck over and above Santander's claim. Further, the Debtor's counsel stated that the Debtor needs the 2003 Dodge Ram pickup truck in order to get to and from work so that she can make her plan payments. Because the Debtor has equity in the vehicle and because the vehicle is necessary to her reorganization, Santander was obviously not entitled to any relief from the automatic stay under § 362(d)(2) of the Bankruptcy Code. Nothing in Santander's motion for reconsideration leads the Court to conclude that it somehow made an error in so ruling.

Santander's motion for reconsideration goes on to state that the Court committed palpable error by denying Santander's motion for relief from stay under the "for cause" standard of § 362(d)(1) of the Bankruptcy Code. As the Court noted on the record at the hearing on March 15,

2011, the Debtor's loss of employment explained why the Debtor stopped making her plan payments. Up until her loss of employment, she had made her plan payments. Once the Debtor obtained new employment, she promptly filed a plan modification and resumed making her plan payments. The Debtor's plan modification shows that Santander will be paid in full now that the Debtor has resumed her employment. Further, at Santander's request, the Debtor agreed to language in the order approving the plan modification that ensures that Santander will receive equal monthly installments for the duration of the Debtor's Chapter 13 plan. In these circumstances, where: the Debtor has a good reason for missing payments due to a loss of employment; the Debtor promptly filed a plan modification and resumed making payments upon obtaining employment; the plan modification still provides for payment in full of Santander's allowed secured claim; there is admittedly equity in the 2003 Dodge Ram pickup truck above and beyond Santander's secured claim; and the only impact on Santander of denying its request for relief from stay will be that its allowed secured claim will still be paid in full, only extended for eight months, the Court properly determined that there was no cause to lift the automatic stay. Nothing in Santander's motion for reconsideration persuades the Court that its decision not to lift the automatic stay for cause under § 362(d)(1) of the Bankruptcy Code was a palpable error.

Local Bankruptcy Rule 9024-1(a)(3) states that generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The rule further provides that the party moving for reconsideration must demonstrate a palpable defect by which the court and the parties have been misled, the correction of which will result in a different disposition of the case. Santander's motion for reconsideration does not meet this standard. All of the issues

raised by Santander's motion were already ruled upon by the Court either expressly or by reasonable implication at the hearing on March 15, 2011. There is nothing in the motion for reconsideration that demonstrates a palpable defect either with respect to the order approving the Debtor's plan modification or the order denying Santander's motion for relief from stay. Accordingly,

**IT IS HEREBY ORDERED** that Santander's motion (docket entry no. 76) for reconsideration and for rehearing Santander's motion for relief from stay and the Debtor's plan modification is denied.

.

**Signed on April 28, 2011**

                                         **/s/ Phillip J. Shefferly**
                                       **Phillip J. Shefferly**
                                       **United States Bankruptcy Judge**